✎ AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA
V.
_____Andres Abarca-Solis_____
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: CR06-01-SLR.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X  clear and convincing evidence  X  a preponderance of the evidence. Defendant is charged with illegal reentry after deportation. The evidence shows that defendant was found in the US and admitted to the fact that he is a citizen of Mexico, had been deported from the US on two prior occassions, advised that he reentered the US shortly after his last deportation without permissions and his identification was confirmed by fingerprints. The record shows that from 1994 through 1996 defendant was arrested in DE on various misdemeanors. In January 1998, ICE (then INS) revoked defendant's green card and deported him as an aggravated felon.. Defendant reported being married to Marjorie Abarca for the past 10 years, from whom he is currently separated and his wife's whereabouts are unknown. Records show that his wife was the victim of domestic violence on the part of defndant on at least two occassions. Although defendant has employment as a chicken catcher, he has not assets. Reports indicate that defendant is a regular user of crack whenever he has money, no less that once per week. His criminal history shows convictions for assault 3rd (2 counts 1994), for which he was convicted of 3 VOPs between Feb. 1995 and June 1996: forgery 2d (3 counts) in July 1995, for which he violated his probation in 1997, Forgery 2d and theft by false pretenses in July 1996, burglary 3rd conviction May 1997, possession of cocaine base and entry into the US illegally, a conviction in this court in 1999 for which he was deported after release from imprisonment in January 2000, which included a special conditon of supervised release to run inactively so long as defendant remains outside the US, but if returns to the US illegally, he would be considered in violation of his supervised release conditions. In June 2003, defendant was convicted of burglary 3d, burglary 2d and unlawful sexual contact. As a result of the above, there are not conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community.

FILED
FEB 1 4 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472  (Rev. 3/86)  Order of Detention Pending Trial

_____
_____
_____
_____
_____
_____

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

February 13, 2006  
Date

*Signature of Judicial Officer*  
Mary Pat Thynge, Magistrate Judge  
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).